**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JERRY D. LINDSEY, )<br><br>Plaintiff, )<br><br>v. )<br><br>JOE RICE, *et al.*, )<br><br>Defendants. ) | Civil Action No. 05-219 (RMC) |

**MEMORANDUM OPINION**

Plaintiff Jerry D. Lindsey, proceeding *pro se*, brings this employment discrimination action against four alleged agents of his former employer, Bovis Lend Lease Inc. ("Bovis"). Mr. Lindsey, who is black, claims that while employed by Bovis, he was "attacked" by Tony Perrella, a Latino employee of Cherry Lane Electric Company, a Bovis subcontractor. Mr. Lindsey reported this incident to his supervisor, Joe Rice, who stated his opinion that any "attack" was actually an accidental collision and fired Mr. Lindsey. Mr. Lindsey then filed a charge against Bovis with the Equal Employment Opportunity Commission ("EEOC"), complaining that Mr. Perella's attack was motivated by race, religion (Baptist), and age (60), and suggesting that his discharge was motivated by the same factors. Following an investigation, the EEOC was unable to conclude that any statutes were violated and issued a right-to-sue notice on October 21, 2004.

Mr. Lindsey next timely filed[1] the instant action, complaining that he was

---

[1] Mr. Lindsey's *in forma pauperis* application was granted and his complaint was filed on January 31, 2005, together with a motion for extension of time to sue. However, both documents were stamped "received" by the Clerk on January 13, 2005. Because his complaint was received by the Clerk before the 90-day filing deadline, his complaint was timely, and the Court finds as moot his motion for an extension of time to file his complaint. *See Washington v. White*, 231 F.

"discriminated against" and "wrongfully discharged" in violation of 42 U.S.C. § 1983.   In his

complaint, Mr. Lindsey names three Bovis employees as defendants: Mr. Rice, a Supervisor; Dick

Ward, also a Supervisor; and Jeffrey Henderson, a Project Manager (collectively, the "Bovis

defendants").  He also names Greg Clarke, whom he describes as the CEO of Bovis.[2]  Neither Bovis

nor Mr. Perella is named as a party to this action.  Mr. Lindsey prays for reinstatement and $17,160

in back pay.

       Before the Court are the Bovis defendants' motion to dismiss for lack of personal

jurisdiction and failure to state a claim, and Mr. Clarke's motion to dismiss on the same grounds.

For the reasons stated below, the Court will grant in part the Bovis defendants' motion, and will

grant Mr. Clarke's motion.

## I. LEGAL STANDARDS

       On a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2),

the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal

jurisdiction over a defendant by alleging specific facts connecting the defendant to the forum.  *See*

*Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); *see also Second Amendment*

*Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).  In evaluating a plaintiff's

allegations, the Court "may receive and weigh affidavits and other relevant matter to assist in

---

Supp. 2d 71, 75 (D.D.C. 2002) (holding that "the ninety day period is tolled between the time a
complaint and an application to proceed *in forma pauperis* are received by the Court, and the
time the Court rules on the application").

   [2] In a responsive affidavit, Mr. Clarke states that he is the Chief Executive Officer of a
related corporation, Lend Lease Corporation Ltd.  Lend Lease Corporation Ltd. is the parent
corporation of Bovis Lend Lease Holdings Co., which is the parent corporation of Bovis.  Clarke
Affidavit, Dkt. #12, at 1-2.

determining the jurisdictional facts." *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Therefore, while any questions of fact should be presumed in a plaintiff's favor, the Court need not treat all of plaintiff's allegations as true. *See id.* District of Columbia law controls this Court's exercise of personal jurisdiction over a defendant. *See Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987).

A motion to dismiss pursuant to Rule 12(b)(6), on the other hand, challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The plaintiff need not plead the elements of a *prima facie* case in the complaint. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). In deciding a Rule 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## II.  DISCUSSION

### A.  Legal Basis for the Claims Before the Court

Mr. Lindsey expressly relies on 42 U.S.C. § 1983, which creates a right of action against any person who "under color of any statute, ordinance, regulation, custom, or usage of any State . . . or the District of Columbia" deprives another of a federally protected right. 42 U.S.C. § 1983. However, Mr. Lindsey's complaint contains no allegation that any of the named defendants, or Bovis itself, acted under color of state or D.C. law. Private parties, like defendants here, "may

3

be deemed to have acted under color of law in two circumstances: when they conspire with state officials, and when they willfully engage in joint activity with a state or its agents." *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  Yet Mr. Lindsey alleges neither a conspiracy nor joint activity with local officials.  Therefore, he fails to state a claim under § 1983.  *See id.*

However, as defendants observe, Mr. Lindsey's complaint also "appears intended to invoke the subject matter jurisdiction of the Court pursuant to Title VII of the Civil Rights Act of 1964."  Bovis Defs. Motion to Dismiss at 2; Clarke Motion to Dismiss at 2.  Though invoking § 1983, Mr. Lindsey's allegations in all other respects resemble a typical complaint of employment discrimination under Title VII based on race and age.[3]  It being the Court's "obligation to construe *pro se* filings liberally," *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), the Court reads Mr. Lindsey's complaint as attempting to plead violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

### B.  Personal Jurisdiction

Defendants first move to dismiss Mr. Lindsey's action on the ground that he has failed to establish personal jurisdiction over any defendant.   The plaintiff "carr[ies] the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over the defendants." *Murphy v. PriceWaterhouseCoopers LLP*, 357 F. Supp. 2d 230, 242 (D.D.C. 2004) (citing *Crane*, 894 F.2d at 456).   "[T]he general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts."  *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378

---

[3] In contrast to his EEOC charge, Mr. Lindsey's complaint advances no claim of discrimination based on religion.  *See* Complaint at 14 ("Plaintiff . . . was racially discriminated against, and age discriminated against . . . .").

(D.C. Cir. 1988).  "This *prima facie* requirement must, however, be met with respect to each defendant individually."  *Overseas Partners v. Progen*, 15 F. Supp. 2d 47, 50 (D.D.C. 1988).

Two statutory provisions are relevant here in determining whether the Court may exercise personal jurisdiction over the defendants.  The first, D.C. Code § 13-422, permits the Court to "exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia."  D.C. Code Ann. § 13-422 (2005).  Mr. Lindsey's complaint, however, makes no allegations regarding the residence or principal place of business of any defendant; it merely provides mailing addresses in the caption, and nothing more.[4]  Presented with only this information, the Court has no basis to believe that any defendant resides within the District or has his principal place of business within the District. Therefore, the complaint fails to plead sufficient facts to establish personal jurisdiction over any defendant under D.C. Code § 13-422.  *See Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54, 73-74 (D.D.C. 1996) (holding that a D.C. mailing address alone is insufficient to establish general personal jurisdiction absent allegations regarding residence or personal place of business); *Dickson v. United States*, 831 F. Supp. 893, 897 (D.D.C. 1993) (same).

The second relevant provision, D.C. Code § 13-423, authorizes the exercise of personal jurisdiction based on a defendant's conduct in or directed toward the District of Columbia. However, Mr. Lindsey does not explicitly allege that any defendant committed a discriminatory act

---

[4] In the caption, Messrs. Rice, Henderson, and Ward are each listed with their Bovis job titles, followed by a common mailing address: Bovis Lend Lease Inc., 400 Massachusetts Ave., NW, Washington, DC 20001.  A distinct phone number is listed for each; however, the area codes given (703, 301, and 410) are not associated with phones within the District.  Complaint at 1.  Similarly, Mr. Clarke is listed with his job title, followed by a mailing address and telephone number in Australia.  Complaint at 2.

within the District.  In fact, of the four named defendants, only Mr. Rice is referenced in the body

of the complaint; there is no mention at all, either in the complaint or in the attached EEOC charge,

of Messrs. Henderson, Ward, or Clarke.  "It is settled a plaintiff must allege specific acts connecting

the defendant with the forum, and that the bare allegation of conspiracy or agency is insufficient to

establish personal jurisdiction." *First Chicago Int'l*, 836 F.2d at 1378-79 (internal quotation marks,

citations, and alteration omitted).  Because the complaint alleges no facts whatsoever connecting

Messrs. Ward or Clarke with the District of Columbia, it fails to plead sufficient facts to establish

personal jurisdiction over them under D.C. Code § 13-423.  *See id.*; *see also Murphy*, 357 F. Supp.

2d at 242-43; *Richard*, 946 F. Supp. at 74-75.  For this reason, Mr. Clarke's motion to dismiss will

be granted, and the Bovis defendants' motion to dismiss will be granted as to Mr. Ward.

       The same reasoning would bar the Court's exercise of personal jurisdiction over Mr.

Henderson had he not been personally served within the District.  Process Receipt, Dkt. #7, at 3.

This fact alone is sufficient to establish personal jurisdiction over Mr. Henderson.  *See Begum v.*

*Auvongazeb*, 695 A.2d 112, 113 (D.C. 1997) (holding that personal service within the District is

sufficient to support the exercise of personal jurisdiction); *see also Burnham v. Superior Court of*

*California*, 495 U.S. 604 (1990) (holding that the exercise of personal jurisdiction based on in-state

service of process comports with due process).

       Finally, while Mr. Lindsey does not explicitly allege that Mr. Rice fired him within

the District of Columbia, to conclude otherwise would be an exceptionally miserly reading of the

complaint.  Attached to his EEOC charge, which accompanies his district court complaint, is a

sketch of the work area in which the encounter between Mr. Lindsey and Mr. Perrella apparently

took place.  This sketch is clearly labeled "400 Massachusetts Ave. N.W."  Complaint at 24.

Further, the complaint indicates that both the alleged assault by Mr. Perrella and the discharge by

Mr. Rice took place on June 29, 2004. Complaint at 2-3. Thus, the Court thinks it fair to infer that

the discharge, like the alleged assault, occurred at the 400 Massachusetts Avenue work site.

Therefore, Mr. Lindsey has pled sufficient facts to establish personal jurisdiction over Mr. Rice

under D.C. Code § 13-423. *See* D.C. Code Ann. § 13-423(a)(3) (2005) (permitting the exercise of

"personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising

from the person's . . . causing tortious injury in the District of Columbia by an act or omission in the

District of Columbia").

### C.  Failure to State a Claim

Defendants next move to dismiss Mr. Lindsey's action on the ground that he has

failed to state a claim for which relief may be granted. They argue (1) that defendants named in the

district court complaint, but not in the predicate EEOC charge, are not amenable to suit; and (2) that

Title VII claims will not lie against defendants in their personal capacities.

"Before suing under either the ADEA or Title VII, an aggrieved party must exhaust

his administrative remedies by filing a charge of discrimination with the EEOC within 180 days of

the alleged discriminatory incident." *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750,

752 (D.C. Cir. 1998) (citing 29 U.S.C. § 626(d)(1) and 42 U.S.C. § 2000e-5(e)(1)).  This

requirement "serves the important purposes of giving the charged party notice of the claim and

'narrowing the issues for prompt adjudication and decision.' " *Park v. Howard Univ.*, 71 F.3d 904,

907 (D.C. Cir. 1995) (quoting *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir.

1976)); *see also Marshall v. Federal Express Corp.*, 130 F.3d 1095, 1098 ("Allowing a complaint

to encompass allegations outside the ambit of the predicate EEOC charge would . . . deprive the

7

charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.").

In this case, Mr. Lindsey's EEOC charge does not name Mr. Henderson or state "any factual allegations" connecting him to the discriminatory behavior described in the complaint.  *See Park*, 71 F.3d at 908.  As a result, Mr. Lindsey has failed to exhaust his administrative remedies with respect to his Title VII and ADEA claims against Mr. Henderson.[5]  *See id.* at 907; *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1434 (noting that the EEOC charge must indicate that "*these plaintiffs* had filed a charge of discrimination against *this defendant*"); *Schowers v. Graham*, 1990 U.S. Dist. LEXIS 13748, at *8 (D.D.C. 1990) (holding that "because the individual defendants were not named in the administrative charge filed with EEOC, the complaint against these defendants must be dismissed").  *But see Evans v. Sheraton Park Hotel*, 503 F.2d 177, 184 (D.C. Cir. 1974) (permitting suit against a party not named in the EEOC charge when Rule 19 makes joinder of that party necessary).

Mr. Rice, by contrast, was named in Mr. Lindsey's EEOC charge.  However, "while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII."  *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "relief granted under Title VII is against the *employer*, not individual employees whose actions constituted a violation of [Title VII]")).  The Court finds that Mr. Rice qualifies as an "employer" under Title VII because he served in a

---

[5] The Court notes that this ground alternatively supports dismissal against Messrs. Ward and Clarke.

8

supervisory position. *See id.* However, because Mr. Rice "cannot be held liable in his personal capacity," Mr. Lindsey's claim against him is essentially a claim against Bovis, "who alone is liable for a violation of Title VII." *See id.* Therefore, to the extent that Mr. Rice is sued in his personal capacity, the Court dismisses Mr. Lindsey's Title VII and ADEA claims against him. *See id.*; *see also Murphy*, 357 F. Supp. 2d at 244 ("ADEA does not provide for liability against individual defendants in their personal capacities."). Mr. Lindsey's only remaining claims, then, lie against Mr. Rice in his official capacity. *See Murray v. Gilmore*, 406 F.3d 708, 716 (D.C. Cir. 2005) (citing *Gary*, 59 F.3d at 1399).

## CONCLUSION

For the foregoing reasons, the Court will grant in part the Bovis defendants' motion, and will grant Mr. Clarke's motion. All allegations arising under 42 U.S.C. § 1983 will be dismissed with prejudice. All allegations arising under Title VII and the ADEA against defendants in their personal capacities will be dismissed with prejudice. Claims under Title VII and the ADEA against Messrs. Henderson, Ward, and Clarke in their representative capacities will be dismissed with prejudice. Claims under Title VII and the ADEA against Mr. Rice in his capacity as an agent for Bovis Lend Lease Inc. will not be dismissed.

A separate Order accompanies this Memorandum Opinion.


Signed: September 27, 2005                    _____/s/_____

                                             ROSEMARY M. COLLYER
                                             United States District Judge